# UNITED STATES DISTRICT COURT

## for the

## Middle District of Georgia

| | |
|---|---|
| EUGENE WALDEN, III, | COMPLAINT NO. 63-2010-01456 |
| Plaintiff, | EEOC Case No.: 550-2018-00230X |
| vs. | |
| GINIA M. RAIMONDO, | DATE: AUGUST 20, 2021 |
| Defendant | |

## COMPLAINT: EMPLOYMENT DISCRIMINATION

### PRELIMINARY STATEMENT

This is an employment action for violation of the Plaintiff's by civil rights the U.S. Census Bureau under Title VII of the Civil Rights Act as amended, 42, U.S.C.  200 e et. seq. ("Title VII"). During the 2010 Decennial Census the Office of Personnel Management delegated authorization to the United State Census Bureau and United States Commerce to make employment "fitness determinations." This individual complaint of unlawful racial discrimination against the defendant arises from events that occurred over the course of the 2010 Decennial Census: Pre-employment: Application process, Enumerator: Training Process, the Enumerator: Appointee process, the Adjudication and Administrative Review processes, the Informal and formal EEOC processes.

To date, the Defendant has failed to disclose their Suitability exclusion Criteria, or the crimes (felonies and/or misdemeanors) that mandates exclusion, exclusion used to exclude or included Applicants and Appointee during the Equal Employment Opportunity Discovery and to the Assigned Administrative Judge Orders.

The Plaintiff, Eugene Walden, III a sixty-six (66) years old Black male who is a current resident of Macon, Georgia, Bibb County. His current mailing address is 730 Marshall Drive Macon, Georgia 31210 and cell phone number is 478-718-04332. His U.S. Census Bureau 2010 Decennial Census Appointee Identification Number was 1740285.

Over twelve years ago, after being *"SELECTED"* for temporary employment as a Field

1

Enumerator with the 2010 Decennial Census. On the first, April 27, 2010, of the Enumerator classroom training program, Plaintiff was compelled to self-report his entire criminal background that included his most recent Misdemeanor Arrest on the U.S. Office of Personnel Management Optional Form 306 (5U.S.C. 1302, 3301, 3304, 3328, & 8716) The OF-306 contains a variety of questions about background information. Among these are several questions about an applicant's criminal history, including past convictions or current arrests that were not yet the subject of a final disposition.

On the last day, April 30, 2010, of classroom training, the Instructor, Mr. Melton, invited the Plaintiff's Arresting Officer, Jones County Deputy Sheriff into the training session. to the training session in the capacity of a Geographical Specialist. Deputy had been designated prosecutor by the Jones County District Attorney's Office.

During the Plaintiff's term of employment with the United States Census Bureau, he successful completed the four-day Enumerator's Training Program on the dates between April 27th through April 30th, worked two (2) days, May 3rd and 4th completing Enumerator Questionnaires (EQ) in a middle to upper middle income class suburban community located in Jones County. Before the end of the second day, May 4th, the Plaintiff received two letters from the United States Census Bureau. One of the two letters notified was notification of placement in a "non-working status" and the other notification his appointment had been terminated with the 2010 Decennial Census.

The Plaintiff 2010 Decennial Census Crew Leader's name was Mr. Paul Melton. His Crew Leader Designation (CLD) was 0207. Mr. Melton's telephone number was 478-607-0839. Mr. Steven Lee, Field Operations Supervisor (FOS) was Mr. Melton's supervisor. Mr. Lee's telephone number was 478-501-0499. Ms. Melvina Palmer-Spence, LOC Asst. Manager for Field Operations was Mr. Lee's supervisor. Ms. Palmer-Spence telephone number was 478-314-0365. Ms. April Parks, LCO Assistant Manager of Administration (AMA) telephone number was 478-314-0363.

On April 30, 2010, the Plaintiff's supervisor, Mr. Paul Melton invited Deputy Sheriff Beard. Their racially disparate speech was reminiscent of what the Plaintiff thought were bygone day, the perpetuation of racial discrimination and segregation. The Plaintiff lived through days when White's people (men, women, children) could speak down to Black people as their racial superiors.

2

Unsuccessful attempts were made by the Plaintiff to file a grievance against the trainer, prior to filing an Informal Complaint of Racial Discrimination. After attempting to file a grievance the Plaintiff was terminated before the end of that day but was did not receive official notification until after working two additional days. The Plaintiff's misdemeanor arrest was apparently used as the non-discriminatory job-related justification to his permanent exclude him for federal employment.

However, in the Plaintiff supervisor's haste to terminate or more accurately to punish, he made missteps. The 1991 Act statutory require an examination of the availability of a "less discriminatory alternative and failed to complete an individual assessment. As a result, the Plaintiff's treated differently than Pre-employment Applicants who were given opportunity to provide additional information regarding the arrest.

During the Targeted Hearing, while attempting to represent himself, his was simultaneously a witness and defending himself from was undistinguishable to criminal prosecution. The Assigned Administrative Judge asked the Plaintiff was asked twice whether he had engaged in the conduct identified by Deputy Sheriff Beard in the Jones County Superior Court Accusation form, it clearly established the Plaintiff was presumed guilty of the criminal charge.

### JURISDICTION AND VENUE

The jurisdiction and venue lie in the United States District Court of Middle Georgia under 28 U.S.C.  2000e 5(f)(3). This Court has jurisdiction pursuant to 28 U.S.C. and related sections applicable as the United States and/or its agencies are named defendant to the action.

The unlawful employment practices alleged below were committed and/or executed by administrative and supervisory personnel of the U.S. Census Bureau and the U.S. Department of Commerce. The claim arises from events the occurred over the course of the 2010 Decennial Census: The pre-employment: Application process, the Enumerator: Enumerator Training Process, the Enumerator: Appointee process, the Adjudication and Administrative Review processes, the Informal and formal EEOC processes.

## PARTIES

The Plaintiff, Eugene Walden, III, is an adult individual who has a mailing address of 730 Marshall Drive Macon, Georgia. The Defendant, the United States Department of Commerce within the meaning legislative intent of the Civil Rights Act as amended, 42, U.S.C. 200 e et. seq. of a governmental entities that engages in interstate regulation of commerce by constitutional necessity. Although, the Plaintiff was employee by the U.S. Census Bureau a major agency of the name Defendant, the U.S. Department of Commerce in this matter.

## STATEMENT OF FACTS

1) Eugene Walden, III, Plaintiff, born in Macon, Georgia self-identifies as a sixty-six-year Black male, whose religion is Baptist.

2) The Plaintiff is a Vietnam-Era Veteran who honorably served his country from June 1973 to June 1977.

3) The Plaintiff graduated from Mercer University, June 1982, majoring in Political Science, minoring in Sociology and concentration in Human Services.

4) During 1993, the Plaintiff graduated and obtained a professional degree from the University of Georgia's School of Social Work.

5) During the 2010 Decennial Census Pre-employment: Applicant online process, the Plaintiff was initially excluded from two jobs: Field Enumerator and Geographic Specialist, based upon old (over 10 years old) criminal arrest records.

6) While listening to Mr. Melton and Deputy Sheriff speech, the Plaintiff remembered the Macon of his youth of completing homework assignments by kerosene lamps, starting fires in wood burning stoves, and being paid 15 cents after working all day for a White family at age eleven (11). That when, especially in downtown Macon, Georgia when White walking down the sideways Black people had to step aside or get on the sidewalks entirely. That when houses in many White neighborhoods had restrictive covenants, especially the north side of Gray Highway in East Macon. The Plaintiff lived on the other side of Gray Highway in one of the Black communities.

7) Directed us to write down our automobile tag numbers for the Jones County Sheriff Department Deputy Sheriff Beard had arrested me and brought the pending Jones Co.

8) Evidently, nondiscriminatory justification was accusation of criminal *"CONDUCT"* made to Jones County Superior during January of 2010. The Macon Local Census Office deemed the alleged criminal conduct *"RISKY"* and detrimental to U.S. Census Bureau workplaces. After many twists and turns ʌ "Targeted" Equal Employment Opportunity Hearing was held April 2021. After the Plaintiff refused to accept the Defendant's nominal offer to

release them of *"LIABILITY"* the Assigned Administrative Judge determined 2010 Misdemeanor Arrest Record, no matter the "Nolle Prosequi de" final disposition.

*9)* After filing the Informal Complaint with the Equal Employment Opportunity Commission, the Defendant referred the Plaintiff's compliant of racial discrimination for inclusion in the class action lawsuit of ***Gonzalez et al v. Pritzker, U.S. District Court, Southern District of New York, No. 10-03105.***

*10)* The Plaintiff reported on the Form entitled <u>Complaint of Employment Discrimination Against the U.S. Department of Commerce</u> *Complaint # 10-63-01456D: "before and after his official termination the U.S. Census Bureau, the Census Hiring and Employment Check staff, the Macon Regional Office, the Jones County NRFU Unit, Mr. Paul Melton-Crew Leader, the Jones County Sheriff Department, Deputy Sheriff Beard, the Criminal History Record Information Check (CHRI) was not kept confidential. My Crew Leader failed to protect me from racially insulting remarks. Mr. Lee for failing to assist in filing a Grievance and illegal termination.*

*11)* February 28, 2011, Jones County Superior Court Hearing notified did not have to return to court initial assumption the court had dismissed the criminal, however, the court issued the Plaintiff a document with barely legible disposition written in Latin. For many years, he believed the case was in a "Dead docked" status *"deferred prosecution agreement, but is not a dismissal of charges, or a finding of innocence or guilt."*

12) Although, a final disposition of *"Nolle Prosequi be"* and the record of that arrest has been expunged from the GCIC database, the Defendant, the Defendant has failed to articulate a fact-based defense that counters the Plaintiff claim of racial discrimination based upon Title VII of the Civil Right Act of 1964 as amended in 1967 and 1991. The Defendant's adverse actions in terminating the Plaintiff a professionally trained Social Work with years of case management field work experience unfit to make unsupervised visits in Jones County, Georgia require close up examination and inspection by the National Association of Social Workers (NASW).

13) The Plaintiff opted-out of the Settlement. The settlement provided no tangible benefits to the Plaintiff.  Nor was his eligibility for membership in the settlement clearly established. It is the Plaintiff's understanding the settlement only applied to the Pre-employment-Applicant Census Hiring Employment Check (CHEC) adjudication process but failed to specify whether it applied to the Enumerator-Appointee CHEC adjudication process.

14) The Defendants employment practices and adjudication processes were not fair in form, or in operation from May 2010 to present time the Defendant has remained silent regarding the legality of their Suitability criteria, processes, personnel used determined the Plaintiff permanent unfitness for federal employment. the Plaintiff unfit but upon their use of the Decennial Applicant, Personnel, and Payroll System (DAPPS), the DAPPS Employee Lifecycle Chart as well as DAPPS interfaces with CHEC. Examination and inspection of not the entire system were non-essential nor were job

related requirements. There were many much less discriminatory alternative available to the Defendant.

## EXHAUSION OF ADMINISTRATIVE REMEDIES

The EEOC regulations governing the federal sector complaint process are at 29 Code of Federal Regulation, Part 1614. The Plaintiff has filled timely exhausted the requisite administrative remedies before the Equal Employment Opportunity Commission prior to timely filing this action. A second complaint has been enveloped into this complaint.

The EEOC issued a right to sue letter on May 25, 2021 and it was received less than 90 days before this filing. The Plaintiff has performed all conditions precedent, if any required for the filing and pursuit of a claim for judicial relief under Title VII and its related regulations.

## REMEDIES AND RELIEF

The Plaintiff respectfully requests that the court to enter a judgment in his favor and against the Defendant. The Plaintiff is entitled to relief under Title VII for his employer's unlawful discriminatory conduct and retaliation, including but not limited to for the Employer's disparate treatment of the Plaintiff for engaging in protected activities as well as the Plaintiff on-going policies, procedures, and practices that had a disparate impacted upon the Plaintiff.

The Plaintiff humbly request the court to direct the Defendant to provide the Plaintiff with the following relief:

a. For money judgment representing compensatory damage for a judgement representing liquidated damages for Defendants' willful violations of Title VII, and any related statues, regulations, and rights.

b. For an order directing the Defendant to expunge, modify employment status with U.S. Census Bureau, the Department of Commerce, and the Office of Personnel Management.

c.  The Court retain jurisdiction over this action until the Defendant has fully complied with Orders of this court and that the Court require the Defendant to file such reports as may be necessary to supervise such compliance.

d.  For cost previously incurred during Pre-employment Applicant, Appointment processes as well as the informal and formal EEOC Administrative processes including reasonable reimbursement professional work.

e.  For such other and further relief as may be just and proper.

## JURY DEMAND

**WHEREFORE**, the Plaintiff respectfully request that the court enter judgment in his favor and against the Defendant.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I, Eugene Walden, III certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I, Eugene Walden, III, agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully Submitted,

Eugene Walden, III,

08- 20 - 2021

Complainant
Date

# CERTIFICATE OF SERVICE

The Plaintiff, Eugene Walden, III, certify that on the 20th days of August 2021, served a true and accurate copy of Complaint of Employment Discrimination the was sent by electronic transmission to the following:

Scott W. Burton, Esq.
U.S. Department of Commerce
Legal Office, Census Bureau
4600 Silver Hill Road, 8h048
Suitland, Maryland 20746
scott.w.burton@census.gov
Via email

Eugene Walden, III,
Plaintiff
walden06@att.net

8