IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EUGENE WALDEN, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-304 (MTT) |
| | ) |
| GINIA M. RAIMONDO, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Eugene Walden, III filed this lawsuit on August 20, 2021.  Doc. 1.  On December 1, the Court ordered the plaintiff to show cause why his complaint should not be dismissed for failure to serve the defendant.  Doc. 2.  The plaintiff responded on December 15 and stated that he believed he had made good faith efforts to serve the defendant and that he would continue making attempts to perfect service.  Doc. 3 at 1, 3.  On February 3, 2022, the Court ordered the plaintiff to file proof of service by February 16.  Doc. 4.  The Court warned that if the plaintiff failed to do so, his complaint would be dismissed.  *Id*.  The plaintiff responded on February 16 with evidence that he had made efforts to perfect service as required by Rules 4(m) and 4(i) of the Federal Rules of Civil Procedure, but he admitted that he had not properly served the required individuals because he failed to send them summonses.  Doc. 6 at 8.  The plaintiff then requested patience from the Court, but he did not contend that there was good cause for his failure to serve.  *Id*. at 8.

Pursuant to Federal Rule of Civil Procedure 4(m), if the plaintiff fails to serve the defendant within 90 days after the filing of the complaint, the Court, after notice to the plaintiff, must dismiss the action without prejudice unless the plaintiff shows good cause for the failure to serve.  Fed. R. Civ. P. 4(m).  Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.  *Lepone-Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks and citation omitted).  In cases such as this one, where the defendant is an officer of the United States, the plaintiff must serve the United States as well as the defendant.  Fed. R. Civ. P. 4(i)(2).  "To serve the United States, a party must: deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant Unites States attorney or clerical employee whom the United States attorney designates in writing filed with the court clerk—or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.[.]"  Fed. R. Civ. P. 4(i)(1).

As of the date of this order, the plaintiff has not filed proof of service.  Accordingly, the plaintiff has failed to timely perfect service as required by Rule 4(m), and he has not shown good cause for his failure to do so.  The plaintiff has also failed to serve the United States as required by Rule 4(i).  Finally, the plaintiff has failed to obey the Court's order to file proof of service by February 16.  Thus, the plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**.

-3-

**SO ORDERED**, this 11th day of April, 2022.

                                              S/ Marc T. Treadwell  
                                              MARC T. TREADWELL, CHIEF JUDGE  
                                              UNITED STATES DISTRICT COURT